BLANCO *v.* HERNÁNDEZ ET AL.

APELACIÓN procedente de la Corte de Distrito de Mayagüez.

No. 791.—Resuelto en junio 26, 1912.

OPINIÓN DISIDENTE DE LOS JUECES SRES. PRESIDENTE HERNÁNDEZ Y ASOCIADO ALDREY.

El fundamento que ha tenido la mayoría de la corte para declarar que pertenece a la demandante Alejandrina Blanco Ramírez el condominio de 1,776 pesos 50 centavos que tenía Clotilde Arán en la finca objeto del litigio y para confirmar en ese particular la sentencia apelada que ordena, además, la cancelación de cualquier inscripción o anotación que exista a favor de Agustín Hernández Mena, es que, cuando éste adquirió el crédito hipotecario de 2,000 pesos contra Clotilde Arán y, más luego, por adjudicación en pago el condominio hipotecado por ella, ya conocía expresamente por la demanda

de tercería de Alejandrina Blanco Ramírez, que esta señora había comprado en remate para pago de contribuciones la finca en que tal condominio existía, por cuyo motivo no puede ser considerado como tercero de buena fe, siendo la razón de ser esto así, porque podía fácilmente comprobar la existencia de ese hecho acudiendo a las oficinas públicas del colector de contribuciones o del Tesorero de Puerto Rico.

Bueno es recordar que la compra a que se refiere la demanda de tercería fué presentada al registro de la propiedad con posterioridad a la adquisición por Hernández Mena del crédito hipotecario contra Clotilde Arán y del condominio de ésta que para su pago se le adjudicó.

No podemos concurrir con nuestros compañeros en que una persona pierda su condición de tercero de buena fe porque se le haga saber una compra por la simple manifestación contenida en una alegación, ni que por tal conocimiento esté obligado a acudir a la oficina donde se haya otorgado para cerciorarse de su verdad.

El consignar determinados hechos en una alegación no los convierte en verdaderos y ciertos, y por consiguiente no puede perjudicar a Agustín Hernández Mena el que la tercerista dijera en su demanda que había comprado la finca en litigio, para que por su simple manifestación pueda sostenerse que un comprador posterior conocía tal compra sin género alguno de duda y pierda por eso sólo su condición de tercero de buena fe. Sostener tal cosa equivale a decir que las alegaciones son siempre verdad.

No conocemos precepto alguno legal, ni lo cita la opinión de la mayoría, que imponga a una persona el deber de acudir a las oficinas públicas, suponemos que de cualquier parte del mundo, para comprobar la existencia de una compra que en una alegación se dice existir. Si Alejandrina Blanco hubiera dicho que su compra la efectuó en un país lejano ¿hubiera también tenido Agustín Hernández Mena el deber de acudir a él para comprobar su existencia? Parece que se sostiene la afirmativa en la opinión de la mayoría de la corte.

El único deber que conocemos en todo comprador, impuesto por la Ley Hipotecaria, es el de acudir a los libros del registro de la propiedad para conocer quién es el dueño y en este caso, cuándo compró Agustín Hernández Mena el condominio de $1,776.50 perteneciente a Clotilde Arán en pago de la hipoteca de $2,000, esta señora era la dueña, según el registro, y no Alejandrina Blanco Ramírez.

Si pues, según dijimos y demostramos en nuestro voto disidente en el caso de *Jordán* v. *Gómez et al.*, de 21 de marzo de 1912, al registro de la propiedad y no a las cortes municipales, o a las de distrito, ni a sus márshals ni a los periódicos, ni a las oficinas del colector o del tesorero, decimos ahora, es donde debe acudirse para conocer el dueño de una finca, ¿cómo puede sostenerse que la simple manifestación de una persona, privadamente o en una alegación de que ha comprado una finca, puede producir el efecto de que la persona que se enteró de ella ha llegado a conocer de una manera indudable que tal compra es verdad y sufra perjuicio si compra al dueño según el registro?

La sentencia del Tribunal Supremo de España de 13 de mayo de 1903, citada por nuestros compañeros, dice que no puede ser considerado como tercero el que contrata a sabiendas de que la finca ha sido anteriormente enajenada por el mismo que con él contrató, *siempre que dicho conocimiento se haya revelado en actos propios del adquirente o en hechos cuya significación no pueda desconocerse,* demostrativos de su asentimiento. No vemos actos ni hechos de Agustín Hernández Mena que demuestren que cuando compró sabía de una manera cierta que ya la finca pertenecía a Alejandrina Blanco por más que sabía que ésta lo dijo en una demanda de tercería.

Si ni aun la anotación de esa demanda en el registro de la propiedad hubiera sido suficiente para privar a Agustín Hernández Mena de su condición de tercero, según expusimos en nuestro voto disidente citado antes, y lo comprobamos con

citas de sentencias, no vemos cómo la simple alegación de una demanda puede quitarle tal carácter.

Por las razones expuestas, no habiendo perdido Agustín Hernández Mena su condición de tercero y habiendo adquirido la hipoteca de 2,000 pesos y luego en pago de ella el condominio de 1,776 pesos 50 centavos de Clotilde Arán, dueña según el registro, debió declarársele dueño de éste y revocarse en ese particular la sentencia apelada.